UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EMZILE LEE WILBURN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06CV01828 ERW |
| ) | |
| CORRECTIONAL MEDICAL SYSTEMS ) | |
| AND SUSAN SINGER, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Emzile Wilburn's ("Plaintiff") Motion for Temporary Restraining Order [doc. #18], Motion for Legal Assistance [doc. #20], Petition for Physical and Mental Examination [doc. #21], Motion to Enter Documents for Duly Appointed Guardian [doc. #27], Motion to Consolidate [doc. #30], and Motion for Joinder of Additional Party [doc. #31].

**I.    BACKGROUND**

Plaintiff has brought suit against Correctional Medical Systems and Dr. Susan Singer (collectively, "Defendants"), alleging violation of his rights under the Eighth Amendment. Plaintiff filed his complaint on December 27, 2006 and specifically alleges deliberate indifference to a serious medial need.  Plaintiff suffers from many medical conditions,[1] and alleges that Dr. Susan Singer has been experimenting with his medication and has ignored his reports of adverse reactions to medication.  He also complaints that Dr. Susan Singer has not scheduled eye surgery

---

[1] Diabetes, hypertension, high cholesterol, obesity, depression, chronic sinusitis, arthritis, gout, tendinitis, heart disease, headaches, sleep apnea, glaucoma, as well as neck, back and knee complaints.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

to treat the high pressure on his eyes due to glaucoma, and that without this surgery Plaintiff "will eventually lose [his] vision."

## II. DISCUSSION

The Court will discuss each of Plaintiff's motions individually.

### A. *Temporary Restraining Order [doc. #18]*

Plaintiff requests that the Court grant a temporary restraining order to enjoin Defendants from providing medical treatment and care to Plaintiff. Plaintiff states that his optometrist recommended "immediate" surgery to relieve the pressure on his eyes, however, Plaintiff's medical records do not contain any such recommendation. The determination of whether an injunction should be granted requires consideration of "the probability that movant will succeed on the merits." *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). Plaintiff has simply not demonstrated that he will succeed on the merits. While an inmate has a right to treatment, prisons do not have to implement the inmate's requested course of treatment. *White v. Farrier*, 849 F.2d 322, 327 (8th Cir. 1988); *Kayser v. Caspari*, 16 F.3d 280, 281 (8th Cir. 1994).

Additionally, an injunction is not proper for any of Plaintiff's other claims of deliberate indifference as "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1981). Plaintiff's belief that he is going to be denied proper medical care in the future is speculative, and is not a proper basis for the Court to issue injunctive relief. The Court finds that Plaintiff's claims do not merit injunctive relief.

### B. *Motion for Legal Assistance [doc. #20]*

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Plaintiff requests that the court appoint a law student to provide Plaintiff with legal assistance. Under federal law, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, Plaintiff has not demonstrated that he is unable to afford counsel. Plaintiff paid the full $350 civil filing fee, and Plaintiff's Motion to Proceed in Forma Pauperis was denied in April 2, 2007. Plaintiff has offered no evidence that he is indigent and his Motion to Appoint Counsel must be denied.

C. *Motion for Physical and Mental Examination [doc. #21]*

Plaintiff also petitions the Court for a physical and mental examination. Plaintiff has asserted many medical complaints,[2] but Plaintiff has not provided the court with any information regarding what medical condition(s) he is seeking to have examined. He also does not address the issue of who is to pay for this examination, and explicitly leaves it to the courts discretion to determine the "time, place, manner, condition, scope of the examination, and the person by whom the examination is to be made."

The Court may order a mental or physical examination of a medical condition when that condition "is in controversy." Fed. R. Civ. P. 35. Plaintiff has not demonstrated "that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964). The primary purpose behind Plaintiff's motion is "to obtain medical care and to complain of deliberate indifference to his serious medical needs" while "controversies over his medical condition" are clearly secondary. *Green v. Branson*, 108 F.3d 1296, 1304 (10th Cir.

---

[2] Diabetes, hypertension, high cholesterol, obesity, depression, chronic sinusitis, arthritis, gout, tendinitis, heart disease, headaches, sleep apnea, glaucoma, as well as neck, back and knee complaints.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

1997). As Plaintiff has not demonstrated that any medical condition is actually in controversy, his motion is denied.

*D.      Motion to Enter Documents for Duly Appointed Guardian [doc. #27]*

In this motion, Plaintiff seeks to have the Court enter a General Power of Attorney, a Durable Power of Attorney, and a Medical Release Form. None of these documents make any specific prayer for relief that is related to either Correctional Medical Systems or Dr. Susan Singer, and the Court denies Plaintiff's request to enter these documents.

*E.      Motion to Consolidate [doc. #30]*

Plaintiff seeks to join this action with 4:07CV 00705 RWS, 4:07CV 01444 DJS, and 4:07CV 0706 JCH.[3] The claims filed in the first two actions have already been dismissed and these cases have been closed. As a result, the only action that is available to be joined through Plaintiff's motion to consolidate is 4:07CV 0706 JCH. This action is concerned with religious discrimination and whether Plaintiff may have a special menu as he is a practicing Hebrew Israelite. The named defendants in this suit are Matthew Weiss, Jerome Fields, Amy Burkey, and James Chrans.[4] Neither Susan Singer nor Correctional Medical Systems, Defendants in the action pending before this Court, is named as a defendant in 4:07CV 0706 JCH.

Consolidation is governed by Fed. R. Civ. P. 42(a), which states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

---

[3] In Plaintiff's motion, he lists this case number as 4:07CV07066, when the actual case number is 4:07CV0706.

[4] Lutheran Ministries and the City of St. Louis were originally named as defendants in this suit, however, the claims against them were dismissed on May 7, 2007.

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

The Court has discretion in ordering consolidation, but that discretion "is not unbounded." *Enterprise Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994). The Court may consolidate actions that involve a common question of fact or law. *See id.* In determining whether consolidation is appropriate, the Court must examine the "underlying facts." *In re Repetitive Stress Injury Litigation*, 11 F.3d 368, 373 (2d Cir. 1993).

The instant case and 4:07CV 0706 JCH do not share common questions of law and fact. These claims are only vaguely related as the only connection that may be drawn between them is the fact that Dr. Singer is a defendant in the action before this court, and that in 4:07CV 0706 JCH, Plaintiff mentions that Dr. Singer granted his request "for approval to change diets to exercise my religious belief of faith cure." No common questions of fact or law predominate, and the efficient administration of justice does not require these cases to be consolidated.

**F.** *Motion for Joinder of Additional Party [doc. #31]*

In this motion, Plaintiff moves for the permissive joinder of Boyd Bros. Transportation, Inc. ("Boyd") as a defendant in this action. Under the Rules, individuals

> may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20. While employed by Boyd, Plaintiff injured his knee and he later filed a claim for workers compensation. While both suits involve medical ailments suffered by Plaintiff, the allegations and parties identified in the pending action and Plaintiff's workers' compensation case do not arise "out of the same transaction, occurrence, or series of transactions or occurrences" and there is no "question of law or fact common to all defendants." Fed. R. Civ. P. 20. As a result, the joinder of Boyd as a defendant would be inappropriate.

**III. CONCLUSION**

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

For the foregoing reasons, the Court will deny Plaintiff's Motions.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order [doc. #18], Motion for Legal Assistance [doc. #20], Petition for Physical and Mental Examination [doc. #21], Motion to Enter Documents for Duly Appointed Guardian [doc. #27], Motion to Consolidate [doc. #30], and Motion for Joinder of Additional Party [doc. #31] are **DENIED**.

Dated this 20th day of November, 2007.

/s/ E. Richard Webber
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com